# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MONZELL LAVELL GOODMAN,**

     **Petitioner,**

  v.              Case No. 09-CV-277

**WILLIAM POLLARD,**
**sued as Warden Pollard,**

     **Respondent.**

## ORDER GRANTING MOTION TO DISMISS

On March 12, 2009, Monzell Lavell Goodman ("Goodman"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) On June 12, 2009, the Honorable Charles N. Clevert, Jr., screened Goodman's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer certain grounds set forth within his petition. (Docket No. 4.) Judge Clevert also granted Goodman's motion to proceed in forma pauperis and denied without prejudice his motion for the appointment of counsel. (Docket No. 4.)

On June 23, 2009, following all parties consenting to the full jurisdiction of a magistrate judge, this case was reassigned to this court for all further proceedings. (Docket No. 9.) In lieu of an answer, the petitioner responded to the petition with a motion to dismiss on the basis that Goodman's petition was untimely. (Docket No. 10, Brief in Support, Docket No. 11.) On July 27, 2009, Goodman filed a "Petition for Reconsideration and Reinstatement of One Year Statute of Limitation," (Docket No. 15), and a brief in support, (Docket No. 16). The pleadings on the respondent's motion to dismiss are closed and the matter is ready for resolution.

On January 16, 2004, Goodman pled guilty to First Degree Sexual Assault with Use of a Dangerous Weapon and Armed Robbery. Milwaukee County Case No. 2003CF5534, available at http://wcca.wicourts.gov. On April 20, 2004, he was sentenced to a total of 20 years in prison to be followed by 15 years of extended supervision for these crimes.

Goodman appealed and on April 17, 2007, in a per curiam decision, the court of appeals affirmed the circuit court. 2007 WI App 138, 302 Wis. 2d 260; 732 N.W.2d 863 (unpublished). Goodman filed a petition for review with the Wisconsin Supreme Court and on June 12, 2007, the Wisconsin Supreme Court denied review. (Docket No. 11-2.)

In his present petition, following the question "Did you file a petition for certiorari in the United States Supreme Court," Goodman placed an X in the box next to "Yes" and a slash through the box next to "No." He then indicates that he filed a petition for a writ of certiorari on July 4, 2007. However, counsel for the respondent avers that she contacted the Clerk of the United States Supreme Court and was informed that the Court has no record of such a petition being filed, and the Wisconsin Attorney General's Office has no record of such a petition having been filed. (Docket No. 11-3.) Goodman has not attached to his present petition a copy of the petition he allegedly filed with the United States Supreme Court or any other document to corroborate his claim. The court's own research has been unable to identify any record of any petition for a writ of certiorari having been filed with the United States Supreme Court.

Accordingly, the court must conclude that Goodman's conviction became final under 28 U.S.C. § 2244(d)(1) on September 10, 2007 when the ninety-day deadline for Goodman filing a petition for a writ of certiorari with the United States Supreme Court, see Sup. Ct. R. 13, passed without Goodman filing a petition for review. Therefore, Goodman had until September 10, 2008 to file a petition for a writ of habeas corpus in federal court. There is no indication that Goodman filed any collateral challenge to his conviction in state court that would have extended the one-year

2

deadline for filing his present petition. See 28 U.S.C. § 2244(d)(2). Therefore, by waiting until March 12, 2009 to file his present petition, Goodman's petition was filed more than six months late.

A petitioner will be able to avoid the effect of the one-year statute of limitations if he is able to demonstrate that the statute of limitations should be equitably tolled. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

> While the one-year habeas statute of limitation may be subject to equitable tolling, such relief is available only where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own. Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004); Williams v. Sims, 390 F.3d 958, 960 (7th Cir. 2004). Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling. Williams, 390 F.3d at 963. Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of "no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers." Id.; see also Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001).

Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006); see also Pace, 544 U.S. at 417 ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

In an effort to establish that he is entitled to equitable tolling, Goodman indicates that another inmate had been assisting him, but this other inmate was then released. (Docket No. 15.) Goodman has a ninth grade education, no legal education, and no knowledge of the law. (Docket No. 16.) He also states that he suffers from depression and attention deficit hyper activity disorder. (Docket No. 16.)

Goodman's primary explanation for his failure to timely file his petition, which is best summarized as ignorance of legal procedures, does not constitute cause so as to excuse his untimeliness. See Murray v. Carrier, 477 U.S. 478, 488 (1986); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Dellinger v. Bowen, 301 F.3d 758 (7th Cir. 2002); Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991).

3

As for his mental health issues, Goodman has failed to demonstrate that these issues constitute an extraordinary circumstance that prevented him from timely filing his petition. To the contrary, Goodman's coherent and competent filings in this court demonstrate an ability to pursue his legal remedies; he simply waited too long before turning to federal court.

Additionally, Goodman has failed to demonstrate that refusing to excuse his untimeliness would result in a fundamental miscarriage of justice. See Coleman v. Thomspon, 501 U.S. 722, 750 (1991). Finally, Goodman has failed to demonstrate that he is actually innocent of the crime for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 317 (1995). Accordingly, the court must grant the respondent's motion to dismiss.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss, (Docket No. 10), is **granted**. Goodman's petition is hereby dismissed. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Goodman's "Request for Reconsideration and Reinstatement of the One Year Statute of Limitation," (Docket No. 15), is **denied**.

Dated at Milwaukee, Wisconsin this 20th day of August 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge